IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMIE AUSTIN, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2700 |
| | § | |
| STEAMSHIP CLERKS AND CHECKERS | § | |
| INTERNATIONAL LONGSHOREMEN | § | |
| ASSOCIATION #1351, CERES | § | |
| STEVEDORING,[1] HOUSTON TERMINAL, | § | |
| MARINE TERMINAL CORPORATION | § | |
| EAST, and PORT OF HOUSTON | § | |
| AUTHORITY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending are Defendants Ceres Gulf, Inc., Houston Terminal, International Longshoremen's Association Local No. 1351, and Marine Terminal Corporation East's Motion to Compel Arbitration (Document No. 26), Defendants Ceres Gulf, Inc., Houston Terminal, and Marine Terminal Corporation East's Motion for Summary Judgment (Document No. 27), and Defendant International Longshoremen's Association Local No. 1351's Motion for Summary Judgment (Document No. 28). After having considered the motions, responses, supplemental responses, arbitration agreement, and applicable law, the Court concludes as follows.

---

[1] The actual party in interest is Ceres Gulf, Inc., incorrectly named "Ceres Stevedoring" in the Complaint. *See* Document No. 1-1 at 1.

## I.  Background

Plaintiff Tommie Austin, Jr. ("Plaintiff") is a union member who works out of a hiring hall operated by Defendant International Longshoremen's Association Local No. 1351 ("ILA 1351").[2] Stevedore employers hire Plaintiff for specific jobs pursuant to a Collective Bargaining Agreement ("CBA") between the West Gulf Maritime Association ("WGMA"), on behalf of the stevedores, and the South Atlantic and Gulf Coast District of the International Longshoremen's Association, on behalf of its affiliated locals.[3] Defendants Marine Terminal Corporation East ("MTC") and Ceres Gulf, Inc. ("Ceres") are members of the WGMA.[4]   Defendant Houston Terminal ("Houston Terminal," and together with ILA 1351, MTC, and Ceres, "Defendants") is a terminal, not a stevedore, and does not itself employ longshoremen.[5]

Plaintiff, a black man, alleges that the Defendants discriminated against him on the basis of his race, in violation of

---

[2] Document No. 26 at 1.  *See also* Document No. 1-1 ¶ 10 (Orig. Cmplt.).

[3] Document No. 26 at 1-2; Document No. 26-2 at 1 of 23. Defendants define stevedores as "companies that unload and load ships, employing longshore workers who work out of the ILA local hiring halls, such as ILA 1351." Document No. 26 at 1.

[4] Document No. 26-2 at 1 of 23.

[5] Id. at 1 of 23 ¶ 6.  The Court dismissed Defendant Port of Houston Authority in August, 2013.  Document No. 21.

Chapter 21 of the Texas Labor Code.[6]  Plaintiff contends that Defendants' practice of hiring workers 'by name,' instead of by seniority, is used systematically to exclude blacks from lucrative positions.[7]  Plaintiff also alleges that Defendants discipline black workers more harshly than white workers.[8]

Defendants now move to compel arbitration, arguing that Plaintiff is bound by the CBA to submit his claims to grievance and arbitration procedures.[9]

---

[6] Document No. 1-1.

[7] Id. ¶ 11.

[8] Id. ¶ 13.

[9] Document No. 26.  The record suggests the possibility of waiver of arbitration.  Defendants waited for more than a year before filing their Motion to Compel Arbitration, during which time they filed, and later withdrew, a motion for summary judgment and participated in pretrial discovery.  And then, after filing their Motion to Compel Arbitration, Defendants filed additional motions for summary judgment, as well as a motion for sanctions based on pretrial discovery disputes.  In order for a party to waive its right to compel arbitration, it must substantially invoke the judicial process to the prejudice of the other party.  In re Mirant Corp., 613 F.3d 584, 588 (5th Cir. 2010) (citing Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991)).  There is a strong presumption against finding waiver, and the party claiming waiver bears a heavy burden.  Mirant, 613 F.3d at 588 (citing Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004)).  Although the Court looks with disapprobation on Defendants' delay in filing their motion to compel arbitration and their concomitant use of judicial resources for more than a year, Plaintiff has not argued waiver, or that Defendants' actions constituted a substantial invocation of the judicial process, or that Plaintiff suffered any prejudice as a result.  The Court will not sua sponte find waiver where Plaintiff himself makes no claim of such.

II.   <u>Motion to Compel Arbitration</u>

A.   <u>Legal Standard</u>

Under the Federal Arbitration Act ("FAA"), "[a] two-step inquiry governs whether parties should be compelled to arbitrate a dispute. 'First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable.'" <u>Banc One Acceptance Corp. v. Hill</u>, 367 F.3d 426, 429 (5th Cir. 2004) (quoting <u>R.M. Perez & Assoc., Inc. v. Welch</u>, 960 F.2d 534, 538 (5th Cir. 1992)). "In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause." <u>Bridas S.A.P.I.C. v. Govt. of Turkmenistan</u>, 345 F.3d 347, 353 (5th Cir. 2003). Although a strong federal policy favors arbitration, the policy does not apply to the initial question of whether there is a valid agreement to arbitrate. *See* <u>Banc One Acceptance Corp.</u>, 367 F.3d at 429.

B.   <u>Discussion</u>

In support of their contention that Plaintiff is bound to grieve and arbitrate his claims under the CBA, Defendants point to a Memorandum of Understanding (the "MOU") that was negotiated as

part of the CBA during contract negotiations in 2004.[10]   The MOU
states:

> Any complaint that there has been a violation of any
> employment law, such as Title VII, FLSA, HIPAA, ERISA,
> ADA, ADEA, FMLA and OSHA, or any comparable state law or
> local ordinance, shall be resolved solely by the
> grievance and arbitration provisions of the collective
> bargaining agreement.[11]

In _14 Penn Plaza LLC v. Pyett_, the Supreme Court held that "a
collective-bargaining agreement that clearly and unmistakably
requires union members to arbitrate [Age Discrimination in
Employment Act (ADEA)] claims is enforceable as a matter of federal
law."  129 S.Ct. 1456, 1474 (2009).  The Court explained that if
Congress did not prohibit waiver of judicial remedies, the only
requirement for enforceability is that "an agreement to arbitrate
statutory antidiscrimination claims be explicitly stated in the
collective-bargaining agreement."  _Id._ at 1465 (internal quotations
omitted).  While _14 Penn_ dealt with ADEA claims, the Court noted
that "nothing in the text of Title VII . . . precludes contractual
arbitration."  _Id._ at 1470 n. 9.  _See also Ibarra v. United Parcel
Serv._, 695 F.3d 354, 356 (5th Cir. 2012) ("The grievance process
established in the CBA forms the exclusive remedy for Ibarra's
Title VII claim only if the CBA clearly and unmistakably waives

---

[10] Document No. 26-4 at 1 of 4.

[11] _Id._ at 2 of 4.

Ibarra's right to pursue her Title VII claim in a judicial
forum.").[12]

The MOU "clearly and unmistakably" establishes the grievance
and arbitration provisions of the collective bargaining agreement
as the exclusive remedy for Austin's claims.  Plaintiff sues under
Chapter 21 of the Texas Labor Code, which is modeled after federal
civil rights law.  NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144
(Tex. 1999).  See also TEX. LAB. CODE § 21.001(1) (the general
purposes of Chapter 21 include "provid[ing] for the execution of
the policies of Title VII of the Civil Rights Act of 1964 and its
subsequent amendments").  Thus, the MOU, which mandates submission
to the grievance and arbitration procedures of "[a]ny complaint
that there has been a violation of any employment law, such as
Title VII . . . or any comparable state law or local ordinance,"[13]
encompasses claims under Chapter 21 of the Texas Labor Code.  See
Anglin v. Ceres Gulf Inc., 503 Fed. Appx. 254, 255 (5th Cir. 2012)
(per curiam) ("The MOU specifically identifies Title VII,

_____

[12] In Ibarra, the CBA provided that "any grievance, complaint,
or dispute" should be dealt with under the CBA's grievance and
arbitration procedures, and included a nondiscrimination provision.
695 F.3d at 357.  However, the nondiscrimination provision
mentioned no specific federal or state statutes and made no
reference to the grievance procedures.  Id.  The Fifth Circuit held
that the plaintiff was not required to submit her Title VII claim
to the CBA's grievance process because the CBA did not "clearly and
unmistakably waive a union member's right to bring a Title VII
claim in a federal judicial forum."  Id. at 360.

[13] Document No. 26-4 at 2 of 4.

indicating *inter alia* that complaints brought under that statute are subject to the CBA's grievance and arbitration provisions. Thus, if the MOU is binding on Anglin, the MOU and CBA together would appear to satisfy this Court's requirements in *Ibarra*.").

Plaintiff asserts that there is "no showing that the ILA membership approved the MOU."[14] Defendants inexplicably exhibit only unsigned copies of the MOU, but they produce uncontroverted verified evidence that the exhibited MOU is part of the CBA, and is therefore binding on employees working under that agreement.[15] Cf. <u>Anglin</u>, 503 Fed. Appx. at 255 (finding a factual question as to whether the MOU was binding on the plaintiff where his testimony that the MOU was rejected by local union members was uncontroverted, and the copy of the MOU provided in the trial record was unexecuted). Since the MOU clearly states that Plaintiff's claims must be resolved using the grievance and arbitration procedures,

---

[14] Document No. 43 at 3 of 4.

[15] *See* Document No. 26-4 at 1. Clyde Fitzgerald, President of the South Atlantic and Gulf Coast District of the International Longshoremen's Association, avers that he "negotiated a harassment and discrimination memorandum as part of the multi-employer collective bargaining agreements during the 2004 contract negotiations," and that the resulting MOU attached to his Declaration "modified the collective bargaining agreements." <u>Id.</u> Fitzgerald also states that "[t]he harassment and discrimination memorandum remains in effect to this day and is binding on all employers and employees working under the multi-employer collective bargaining agreements." <u>Id.</u> *See also* Document No. 26-2 at 2 of 23 (Declaration of WGMA Vice President of Labor Relations Chelsea Egmon that the MOU "modified all of the multiemployer collective bargaining agreements" between WGMA and the International Longshoremen's Association.).

Defendants' Motion to Compel is granted.  Because all of the issues in this case are arbitrable, dismissal is proper.  <u>Armstrong v. Assocs. Intern. Holdings Corp.</u>, 242 F. App'x 955, 959 (5th Cir. 2007) (per curiam) ("[T]he Fifth Circuit encourages district courts to dismiss cases with nothing but arbitrable issues because staying the action serves no purpose.") (citing <u>Alford v. Dean Witter Reynolds, Inc.</u>, 975 F.2d 1161, 1164 (5th Cir. 1992)).

III.  <u>Order</u>

Accordingly, it is

ORDERED that Defendants Ceres Gulf, Inc., Houston Terminal, International Longshoremen's Association Local No. 1351, and Marine Terminal Corporation East's Motion to Compel Arbitration (Document No. 26) is GRANTED.  Plaintiff Tommie Austin, Jr. and Defendants Ceres Gulf, Inc., Houston Terminal, International Longshoremen's Association Local No. 1351, and Marine Terminal Corporation East shall proceed to arbitration on Plaintiff's employment discrimination claims in accordance with the Collective Bargaining Agreement; accordingly, this case is DISMISSED without prejudice on

the merits of Plaintiff's claims, which are to be determined in arbitration.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 4TH day of December, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE